### UNITED STATES v. DAVIES.

### DAVIES v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 4, 1908.)

#### No. 1,898 (1,885).

CUSTOMS DUTIES — CLASSIFICATION — "WASTE" BAGGING — "COVERING" — "RAGS."

Selected pieces of second-hand jute bagging, intended for patching the covering of cotton bales, are not "bagging for cotton, gunny cloth, and similar fabrics, suitable for covering cotton," under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 344, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1663), nor "rags," under section 2, Free List, par. 648, 30 Stat. 201

(U. S. Comp. St. 1901, p. 1687) but are dutiable as "waste" under section 1, Schedule N, par. 463, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1679),

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p. 5899; vol. 8, pp. 7408, 7777.]

Cross-Appeals from the Circuit Court of the United States for the Eastern District of Louisiana.

There was no opinion below. The Circuit Court reversed a decision by the Board of United States General Appraisers (G. A. 6,431; T. D. 27,586), which had affirmed the assessment of duty by the collector of customs at the port of New Orleans on importations by Frank Davies. The material in controversy was classified under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 344, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1663), for "bagging for cotton, gunny cloth, and similar fabrics, suitable for covering cotton," at the rate "per square yard" there provided for such merchandise. The importer contended for classification either under paragraph 463, relating to "waste, not specially provided for," or under paragraph 648, as "rags." These contentions having been overruled, the importer appealed to the Circuit Court, making the same contentions. That tribunal sustained the first contention—that the material was dutiable as waste under paragraph 463. From this decision both sides appealed, the importer contending for free entry under paragraph 648 (rags), and the government for the correctness of the assessment made by the collector.

The merchandise is described as follows in the opinion of the board:

"DE VRIES, General Appraiser. In this case it satisfactorily appears from the record and the admissions of the importer himself that the importations consist in their entirety of selected pieces of bagging, all of high grade, of measurable dimensions, and every one serviceable for use in patching cotton bales. A close examination of each bale was made. Each piece was segregated and measured, the exact dimensions of the importations calculated, and each and every piece was found to be suitable for patching cotton bales as they went to the compressor; the smaller pieces being used to cover over the cuts in the original bales made by the sampler's knife, and the larger pieces used as 'headers,' which are pieces of cotton used, after the bales come from the gin and before they go to the compress, for the purpose of closing over the heads of the bales. It satisfactorily appears in the record that this merchandise is cullings or selections from waste cotton bagging, which are culled or selected abroad, and, after being so culled and selected, baled and sent to this country. It likewise satisfactorily appears that each and every piece is suitable for covering cotton bales, and that these selections constitute not more than 15 per cent. of the originals from which they were selected."

Considerable further evidence was introduced in the Circuit Court—it being testified, in refutation of the board's findings that none of the pieces were sufficiently large to be used as "headers," that not every piece was suitable for use in patching bales, but from 5 to 40 per cent. of every importation was too small for such use and had to be thrown away, that 90 per cent. of the pieces had ragged edges and many had holes in them, and that the material was both bought and sold by the ton, while the fabric ordinarily used for covering cotton is dealt in by the yard.

R. E. Foster, Asst. U. S. Atty., and William Wirt Howe, U. S. Atty. Clegg & Quintero (John Clegg, of counsel), for the importer.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. From a careful examination of the evidence in this case, including the samples sent to this court with the record, we are of the opinion that the decree of the Circuit Court is right, and

that none of the assignments of error, either on the appeal or the cross-appeal, is well taken.

The decree is affirmed.